(Opinion published 52 N. W. Rep. 394.)

---

GEORGE C. HOWE *et al. vs.* WM. W. SPALDING *et al.*

Argued May 3, 1892. Decided June 10, 1892.

**Practice in Partition.**

Under Laws 1887, ch. 38, the plaintiff may be allowed judgment in a suit for partition allotting him the share he is entitled to, without waiting for a determination of the conflicting claims of owners of other undivided interests. And the court by its judgment may cause the portions or shares in dispute to be allotted to the defendants claiming such undivided shares, without determining their respective rights thereto.

Appeal by defendant, Jennie E. Pugsley by W. K. Gaston, her guardian *ad litem*, from a judgment of the District Court of St. Louis County, *Ensign*, J., entered June 23, 1891.

George C. Howe and Philip M. Graff, plaintiffs, brought this action against Jennie E. Pugsley, Nehemiah Hulett, William W. Spalding and others, defendants, for the partition between them of the northeast quarter and the southwest quarter of section eight, (8,) T. 51, R. 12, in St. Louis county. Plaintiffs owned an undivided half of

the land.   The defendant Jennie .E. Pugsley was a minor.   She claimed that her father, John Pugsley, died intestate March 6, 1875, seized in fee of an undivided fourth of the land, leaving her his only heir at law.   Nehemiah Hulett also answered and claimed to own this one-fourth interest.   He made title under a sale of it, by the administrator of the estate of John Pugsley, to pay his debts.   The remaining undivided one-fourth was claimed by the other defendants.

The District Court declined to determine in this action the adverse claims of Jennie E. Pugsley and Nehemiah Hulett to the one-fourth interest of which John Pugsley died seized; but appointed three free-holders to make partition, and on their report set off to plaintiffs the southwest quarter of the section, and set off the east half of the north-east quarter to Pugsley and Hulett, this land to remain undivided between them, until their rights therein should be determined.   The remaining eighty acres was set off to the other defendants.   From this final partition the defendant Jennie E. Pugsley appealed.

*W. K. Gaston,* for appellant.

*Cash & Williams,* for respondent Hulett.

*McCordic & Crosby,* for respondent plaintiffs.

VANDERBURGH, J.   In respect to the adjustment of the rights of codefendants in an action as between themselves, it was the practice in courts of equity, independently of statutory provisions, to make a decree between codefendants according to the justice and equity of the case, founded upon the pleadings and proofs between the complainant and such defendants.   It was also held competent for the court to make a decree between codefendants for contribution or a decree over *founded upon facts stated in the bill,* and clearly established on the trial, upon the issues as framed.   *Jones* v. *Grant,* 10 Paige, 350.   Our statute (1878 G. S. ch. 66, § 264) is declaratory of this practice.   *Lansing* v. *Hudsall,* 26 Hun, 621; *Kay* v. *Whittaker,* 44 N. Y. 565.

Beyond the rule stated the court could not go, unless issues were framed or settled between the defendants by consent or order of the court, for the defendants would not be bound by answers of which

they had no notice, which did not directly relate to facts stated in the bill, nor would they be bound to set up in their answers matters not responsive to the bill. Laws 1887, ch. 38, has dispensed with the necessity of an adjustment of the title between codefendants in a partition suit, where the plaintiff in such suit has no interest or concern in the dispute between them in respect to the title to an undivided share. The plaintiff may nevertheless have judgment in partition allotting him the share he is entitled to, and the court "shall cause the portion of such property in dispute to be allotted to the defendants claiming such undivided share without determining their respective rights thereto." That is to say, the plaintiff is not to be prevented from having his share allotted to him in severalty, or delayed by a dispute or litigation between defendants in which he has no concern. This was the form of the judgment ordered in plaintiff's favor in this case, which allotted to the defendants Pugsley and Hulett the share in dispute, leaving the controversy undetermined and subject to future litigation between them.

The practice was strictly correct, as required by the statute. If the controversy between the defendants could be disposed of at all in the same action,—which we do not decide,—it would be on a separate hearing, after issues framed or pleadings served between them by consent, or on motion under the direction of the court.

Judgment affirmed.