AMERICAN EXCHANGE BANK OF DULUTH v. ANDREW D. DAVIDSON and Others.[1]

September 8, 1897.

Nos. 10,549—(214).

Cross Complaint—Must Arise out of Subject of Original Action.

> The cause of action which one defendant may set up against his co-defendant by a cross complaint must be one arising out of, or having reference to, the subject of the original action. *Held,* accordingly, that the cross complaints interposed by two of the defendants herein against their co-defendants were rightly struck out as irrelevant.

Appeal by defendants Flora Smith and Basil D. Brown, as assignee of Otis W. Saunders and Elizabeth P. Saunders, from an order of the district court for St. Louis county, Moer, J., granting the motion of defendant Andrew D. Davidson, as assignee of the State Bank of Duluth, insolvent, to strike out portions of their answers. Affirmed.

*William C. White,* for appellants.

*Schmidt, Reynolds & Mitchell,* for respondents.

[1] Reported in 72 N. W. 129.

PER CURIAM.

This cause is before us upon the appeal of the defendants Brown and Smith from an order striking out portions of their answers as irrelevant and redundant, upon the motion of their co-defendant Davidson.

The allegations of the complaint are to the effect following: That on April 20, 1891, Otis W. and Elizabeth P. Saunders, the then owners of two certain lots in the city of Duluth, duly executed to Angus R. Macfarlane a mortgage, which became and was a first lien on the lots, in the sum of $46,000; that afterwards, and on November 28, 1891, the same mortgagors duly executed to H. A. Ware a mortgage on the same lots, which became and was a second lien thereon, to secure $2,300; that on December 9, 1892, they duly executed to the plaintiff a mortgage on the lots, which became and was a third lien thereon, to secure $5,000, and July, 1893, they gave a mortgage to the State Bank of Duluth on the same premises, which became and was a fourth lien thereon, to secure $5,762; that thereafter the mortgagors made an assignment for the benefit of their creditors, under the insolvency laws of the state, to the defendant Basil D. Brown, and the mortgagee the State Bank made a like assignment to the defendant Andrew D. Davidson; that on March 5, 1895, the first mortgage was duly foreclosed by advertisement, and the lots purchased in the name of the mortgagee Macfarlane, as trustee for the benefit of the plaintiff and others, for $2,158.10, who afterwards conveyed the lots to the plaintiff; that on the same day the third mortgage (the one given directly to the plaintiff) was also duly foreclosed, and the lots purchased by the plaintiff for $3,634.12; and that the second or third mortgage was duly assigned to the plaintiff prior to March 5, 1896.

The complaint further alleges that in February, 1896, the defendant Davidson, as assignee, entered into negotiations with the plaintiff with reference to a conveyance by it of the mortgaged premises to the defendant Smith, the daughter of the mortgagors, who would give a mortgage thereon, with other lands owned by her, to the plaintiff, for the amount of all of the several mortgage liens, which amount was to be further secured by the personal obligation of Thorson and Hall, the president and vice president, respectively, of

the State Bank; that Davidson, by his representations and conduct, led the plaintiff to believe that he could not, and did not intend to, redeem from the foreclosure sales, but would rely for his protection upon the proposed negotiations, whereby his mortgage would be paid by the plaintiff, in case such negotiations were consummated; that, induced and deceived thereby, the plaintiff refrained from filing any notice of redemption from the first foreclosure sale, and redeeming therefrom, but that Davidson, as assignee, fraudulently abandoned such negotiations, filed a notice of redemption by virtue of the mortgage to the State Bank, and redeemed from the first foreclosure sale, without paying the plaintiff's two intervening mortgages, and thereupon received and recorded the usual certificate of redemption. The complaint also alleges that the plaintiff is informed and believes that the defendants Smith and Brown, as such assignee, claim some interest in the property which is the subject of this action, and prays that Davidson's attempted redemption and the certificate be adjudged void, and the record thereof canceled, and, further, that none of the defendants acquired any interest in the property by virtue of such redemption.

The answer of the defendant Davidson admits the existence of the several mortgages and the two foreclosure sales set forth in the complaint, and that he redeemed from the first sale as the assignee of the mortgagee the State Bank, but denies all of the allegations of the complaint as to fraud on his part, and alleges that he is the owner of the lots in question, which are of the value of $10,000, and that the defendants Smith and Brown, as assignee, claim some interest in or lien on the lots, but in fact neither of them has any interest in or lien on the lots, and prays judgment that, as assignee, he is the owner of the lots, and that the plaintiff and the other defendants have no interest in or lien thereon.

The defendant Brown, as assignee, and defendant Smith answered separately. Their answers are practically alike, and substantially admit the allegations of the complaint, and, for a cause of action against the defendants the State Bank and its assignee, Davidson, reaffirm and reallege the allegations of the complaint as admitted or modified in the answers. The answer of Brown then alleges, in effect, that Davidson in February, 1896, as assignee, represented to

69 M.—21

Brown and Smith that he would not redeem from the foreclosure sales in question, but that he and Harold Thorson would furnish Smith the money necessary to pay all of the mortgage liens, including that of the State Bank, amounting to some $22,000, if she would purchase the mortgaged premises, give her notes to Davidson and Thorson for the money so to be furnished, and secure the payment thereof by a mortgage upon such premises and certain other real estate owned by her; that Smith accepted the proposition, and the parties so agreed, but it was not reduced to writing; that, relying upon this agreement and the representations and conduct of Davidson, he was induced to believe and did believe that Davidson would not redeem from any of the mortgage sales, but would rely upon such agreement for the protection of his interests in the premises; that Davidson, as such assignee, in disregard of the agreement, redeemed the property for himself, as alleged in the complaint; that, except for such fraud and deception, he (Brown) could and would have effected an arrangement with other parties for the money to make redemption from such sales, whereby he would have secured the payment of all of the mortgage liens, and thereby, as such assignee, he would have been discharged from all liability therefor; that, if the redemption by Davidson is set aside, he can still effect arrangements whereby such indebtedness will be canceled; that the defendant Smith stands ready to carry out her agreement with Davidson and Thorson.

It was this portion of Brown's answer which attempted to set up a cause of action against Davidson which was struck out as irrelevant and redundant. The portion of Smith's answer so struck out alleged the supposed agreement set out in Brown's answer, and further alleged that by the fraud and deceit of Davidson she was prevented from negotiating elsewhere for the purchase of the property, which she could and would have done except for such fraud, and that she was ready and willing to carry out such agreement.

The parts of the answers of these defendants struck out were, in effect, cross complaints against their co-defendant Davidson. Assuming, without so deciding, that these cross complaints state a cause of action of some kind against the defendant Davidson, still they were rightly struck out, for the supposed cause of action is not

germane to the cause of action alleged in the original complaint. It is true that the complaint and cross complaint refer to the same thing or subject-matter,—the lots,—but they are not connected with the same controversy concerning the lots.

The cause of action which one defendant may set up against his co-defendant by a cross complaint must be one arising out of, or having reference to, the subject of the original action. 5 Enc. Pl. & Prac. 678; Bliss, Code Pl. § 390. This rule has not been changed by our statute (G. S. 1894, § 5410) providing for judgment for or against one or more defendants. Howe v. Spalding, 50 Minn. 157, 52 N. W. 527. Nor has it been changed by our statute (G. S. 1894, § 5273) relating to intervention; for the interest which entitles a party to intervene in an action between other parties must be in the matter in litigation in the suit as originally brought, and of such a direct character that the intervenor will gain or lose by the direct legal effect of the judgment therein. Lewis v. Harwood, 28 Minn. 428, 10 N. W. 586; Dennis v. Spencer, 51 Minn. 259, 53 N. W. 631.

Now, the gist of the plaintiff's cause of action is that Davidson, under pretense of entering into negotiations whereby it was proposed that plaintiff should convey the property to Smith, who should give to it in return security to the amount of the several mortgage liens, fraudulently induced the plaintiff to refrain from redeeming from the sale and liens prior to its third lien, and then redeemed himself, thus shutting out the plaintiff's second and third liens. The pith of Brown and Smith's cross action against Davidson is that they had an actual, separate, and independent contract with him and Thorson, whereby they were to advance the money to Smith, and she was to buy the mortgaged premises for a price sufficient to pay and discharge all of the liens thereon, and give to them in return her notes secured upon the lots in question and other real estate, and that there was a breach of this contract on the part of Davidson. No claim is made that the plaintiff was a party to this contract, or owes any duty to either of the defendants to convey the lots to them in case it establishes its title thereto. If the plaintiff succeeds in its litigation with Davidson, or if his redemption, for any reason, is set aside, it owns the mortgaged premises. If

his redemption is adjudged valid, he is the owner thereof. In either event the defendants Brown and Smith would not acquire any title thereto. Smith never had any interest in the lots. If she lost anything by Davidson's alleged fraudulent breach of his contract, it was the opportunity to purchase them, while Brown by the same breach lost only the opportunity to secure a purchaser of the lots for the amount of the incumbrances thereon, and thereby relieve the trust estate in his hands as assignee from any liability therefor. Their cause of action, if any, arising from the breach—tortious or otherwise—by Davidson of his contract is not germane to the plaintiff's alleged cause of action.

Order affirmed.

CANTY, J.

I concur. No mere variance between the statement of facts in the original pleading and the statement of facts in the cross bill is a sufficient ground for striking out the cross bill, if both statements refer to the same controversy. But here it seems to me that the cause of action set up in plaintiff's complaint is wholly separate and distinct from the cause of action set up in the cross bill, and the latter cause of action does not in any manner aid the former.