SOUTHERN PACIFIC RAILROAD COMPANY v. W. T. MEADORS & COMPANY.

No. 2171.   Decided November 8, 1911.

**1.—Railways—Connecting Lines—Venue.**

Under the Act of March 30, 1905, Laws, 29th Leg., p. 29, a railway having its line wholly without, but doing business and maintaining an office within the State, is subject to be sued, with respect to damages to goods transported over its line and that of another company within the State, in any county where the latter operates. It can not maintain its plea of privilege to be sued in the county where its own office is maintained. Missouri, K. & T. Ry. Co. v. Blanks, 103 Texas, 191, followed, and Texas & Pac. Ry. Co. v. Lynch, 97 Texas, 25, distinguished. (Pp. 473, 474.)

**2.—Railways—Connecting Lines—Partnership.**

The facts, that one railway owned a majority of the stock of another, that each had the same president, and that, under some arrangement not disclosed, its trains, on reaching the track of the other at a connection at the state line, were operated beyond and into the State without change of engine or train crew, were not sufficient to justify submission of the issue, alleged by plaintiff and denied by defendant under oath, that the roads were partners or were agents each for the other. (P. 474.)

**3.—Connecting Lines—Contract—Lex Loci.**

A shipper having sued connecting lines upon an oral contract for through transportation, denying that the written agreement made in another State, pleaded by the initial carrier as limiting its liabilty to its own line, was so made or authorized as to bind him, there was no issue presented as to the effect of the law of the State where such contract was made, and an instruction that such contract was valid under the laws of that State was properly refused. (Pp. 474, 475.)

**4.—Connecting Lines—Delivery.**

If the initial carrier delivered live stock transported by it, to a stock yards company instead of to the connecting railway, by direction of the shipper, it ceased to be liable for damages in their subsequent transportations. (P. 475.)

**5.—Shipping Contract—Authority of Agent.**

The issue being whether a shipping contract plead as a defense was signed under circumstances making it binding on the shipper, the authority of the agents accompanying the stock shipped was not the question, and an instruction that they had such implied authority was properly refused. (P. 475.)

**6.—Shipping Contract—Oral Agreement.**

Evidence considered and held sufficient to support the submission of the

question whether an oral contract for through transportation was made between the shipper and carrier, though a written agreement was afterwards signed. (P. 475.)

**7.—Same—Contract in Writing.**

Where a railway received horses for shipment in pursuance of an oral agreement for through transportation, furnishing cars for the purpose without demanding any written contract from the parties, and, after the horses were on the cars and the train about to leave, contracts were presented for signature to the men in charge or to the shipper, who in signing them did not know their contents and had no time to read them, but signed to secure passes to attend to the stock in transportation, such writings were not the shipper's contracts and he was not bound by a limitation therein restricting the carrier's liability to injuries occurring on its own line. (Pp. 475, 476.)

**8.—Connecting Lines—Presumption as to Injury.**

A charge that the presumption, in case of injury in transportation of live stock, was against the delivering, not the initial carrier, was unnecessary where the liability of the delivering carrier had already been disposed of, and there was evidence of injury on the line of the initial carrier. (P. 476.)

**9.—Carriage of Live Stock—Contract.**

Plaintiff's recovery being based on a finding of an oral agreement for through transportation of live stock, the written contracts pleaded in defense being found not binding on him, instructions as to the implied authority of the shipping agents to execute such contracts (which was not in issue) or upon the effect of a limitation as to value and amount of recovery contained in such contracts, were properly refused. (P. 476.)

**10.—Railways—Carriers—Interstate  Commerce—Connecting  Lines—Federal  Statute.**

The Act of Congress of June 29, 1906, making the initial carrier in interstate transportation liable for damages incurred on connecting lines (the Hepburn Bill) is not applicable where plaintiff's action is not upon the written receipt or contract of the carrier, but upon an oral agreement for through transportation. (P. 476.)

Error to the Court of Civil Appeals, Second District, in an appeal from Mitchell County.

Meadors & Co. sued the Southern Pac. Co. and others, and obtained judgment. It was affirmed on appeal by defendants (61 Texas Civ. App., 35), who thereupon obtained writ of error.

*Baker, Botts, Parker & Garwood, W. B. Garrett* and *Ed W. Smith,* for plaintiffs in error.—The plaintiffs' allegation of partnership and agency being denied under oath, and the uncontroverted evidence thereon showing that there were no relations of partnership or agency existing between the defendant companies, it was error for the court to submit such issue to the jury. Peterson v. Railway Co., 205 U. S., 364; Wallis v. Wood, 7 S. W., 856; Railway Co. v. Baird, 75 Texas, 256; Railway Co. v. Williams, 77 Texas, 125.

This was an interstate shipment, originating in the Territory of Arizona, and destined to points in Texas. There was no allegation of a through or joint contract for said shipment, and the proof showed affirmatively that it was not a through or joint contract of shipment. The appellant was a foreign corporation, with no railroad in Texas, and not engaged in any railroad business in Texas, and, if it could be sued in Texas at all, it was entitled to be sued in Galveston

County, where the only agent it has in Texas was located. Railway Co. v. Whitley, 77 Texas, 126; Railway Co. v. Adams, 14 S. W., 1015; Railway Co. v. Lynch, 97 Texas, 25; Railway Co. v. McKnight, 99 Texas, 289.

The evidence showing affirmatively that there was no through shipment or joint contract, and that appellant shipped said horses upon contracts limiting liability to its own line, no part of which was in Texas, the Acts of May 20, 1889, and of March 13, 1905, had no application. Railway Co. v. Lynch, 97 Texas, 25; Railway Co. v. McKnight, 99 Texas, 289; Railway Co. v. Elliott, 99 Texas, 286; Railway Co. v. Bumpas, 38 Texas Civ. App., 410.

There being no through contract of shipment and no joint liability, and the appellant being a foreign corporation, and its plea of privilege being in due form and supported by the undisputed proof, the court erred in overruling the same. Railway Co. v. Whitley, 77 Texas, 126; Peterson v. Railway Co., 205 U. S., 364; Railway Co. v. White, 80 S. W., 77; Railway Co. v. Marrs, 101 S. W., 1178.

(Sixth ground of error.)—The shippers accompanying the horses, and being put in actual charge of the same by the plaintiffs, were acting as the agents of the plaintiffs, and were delegated with such authority as was necessary, usual and incident to the shipment placed in their charge, which included the authority to make contracts with the various railroads en route for the transportation of said horses towards their destination. It was error, therefore, for the court to charge that in order to make said contracts legal and binding, it was necessary that such contracts be made with the knowledge or consent of both of the plaintiffs, who were partners, such charge being clearly upon the weight of the evidence, and not authorized by the pleadings or the evidence. There was no testimony showing, or tending to show, that there was an oral agreement between the plaintiff and defendant for the shipment of the horses involved. It is error to submit an issue not raised by the evidence. Railway Co. v. Wright, 2 Texas Ct. Rep., 30; Railway Co. v. Williams, 57 S. W., 883; Railway Co. v. Gallagher, 5 Texas Ct. Rep., 821; Railway Co. v. Byers, 12 Texas Ct. Rep., 109; Railway Co. v. Halsell, 10 Texas Ct. Rep., 968; Railway Co. v. Smith, 17 Texas Ct. Rep., 107.

(Eighth ground of error.)—The court erred in refusing to give special charge No. 5, requested by the defendant, as follows: "If you find from the evidence that all or a part of plaintiffs' horses were injured in transportation, but are unable to determine from the evidence before you on what line of railway either or all of such horses were injured, if any received injuries, then you are instructed that the presumption of law is, that such injuries were received on the last carrier handling said horses, which in this case would be the Texas & Pacific Railway Company; and you are, therefore, further charged that if any of such horses were injured, and you are unable to determine from the evidence before you on what line of railway said injuries were received, then, as to such horses and such injuries, if any, you will return a verdict for the defendants, Southern Pacific Company and the Galveston, Harrisburg & San Antonio Railway

Company.  Railway Co. v. Cushney, 4 Texas Ct. Rep., 387; Railway
Co. v. Adams, 78 Texas, 373; Railway Co. v. Edloff, 89 Texas, 458.

(Proposition under ninth ground of error.)—When the shipper
placed upon his goods a specific value, the rate of freight being fixed
in accordance therewith, the shipper can not recover an amount in
excess of the value thus declared.  Railway Co. v. Williams, 4 Texas
Civ. App., 298; Railway Co. v. Arnold, 16 Texas Civ. App., 75.

The Court of Civil Appeals erred in its opinion in holding plain-
tiffs to be entitled to recover of defendant under the Act of Con-
gress of June 29, 1906, for the reason that plaintiffs alleged no facts
authorizing them to recover as under the said Act, and did not seek
to recover under said Act, but joined the defendant and its connecting
carriers for the purpose of recovering against each of them separately
for the alleged damages to the horses involved.

*Ed J. Hamner* and *Geo. T. Wilson,* for defendants in error.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Meadors & Company, defendants in error, delivered to the Southern
Pacific Railroad Company, plaintiff in error, at Bowie, Arizona,
horses to be transported by it to its connection with the Galveston,
Harrisburg & San Antonio Railroad Company, which company trans-
ported the said horses to El Paso, Texas, and delivered them to the
Texas & Pacific Railway Company to be carried to Colorado, in
Mitchell County, Texas.  Meadors & Company shipped their horses
from another place in Arizona on a different railroad to Bowie and
there delivered them to the Southern Pacific Railroad Company.
Before shipping the horses to Bowie, Meadors & Company arranged
with the Southern Pacific Railroad Company to have sufficient cars
at Bowie to transport the horses to their destination, and, upon the
arrival of the horses at Bowie, Meadors & Company loaded them
upon the cars, which were furnished by the Southern Pacific Railroad
Company, ready for transportation to their destination in Mitchell
County, Texas.

After the horses had been loaded upon the cars, being done on
different days, however, the railroad company presented to Meadors
& Company, and to their agents in charge of the horses, written con-
tracts which were put in evidence on the trial of this case.  The par-
ties who signed the contracts did not know their contents and did
not read them, but signed them at the request and suggestion of the
railroad agent in order that they might secure passes to ride on the
trains with the horses as they were being transported.  There was no
consideration for the execution of the said contracts other than the
transportation of the horses.

After the horses were loaded, the cars were carried by the Southern
Pacific Railroad Company to the end of its line at the center of the
Rio Grande River, and, in the same cars, hauled by the same engine
and operated by the same employees, the horses were then trans-
ported on the railroad of the Galveston, H. & S. A. to El Paso, at
which place the horses were transferred to the Texas & Pacific Railway
Company.

Meadors & Company instituted suit in Mitchell County against the Texas & Pacific Railway Company, the Galveston, Harrisburg & San Antonio Railroad Company and the Southern Pacific Railway Company. The Texas & Pacific Railway runs through Mitchell County and has a station and agent in that county. The Galveston, H. & S. A. Ry. Co. is a Texas corporation, but had no railroad agent nor office in Mitchell County.

The Southern Pacific Ry. Co. is a foreign corporation, its charter having been granted by the State of Kentucky. It owned no railroad in Texas, nor did it operate any railroad in this State. It had an agent at Galveston, and through that agent was transacting business in Texas.

The Southern Pacific Railway Company pleaded to the jurisdiction of the court in Mitchell County and claimed its privilege to be sued in Galveston if it was liable to suit at all in the State.

That company also pleaded written contracts signed by Meadors & Company and their employees, whereby said railroad undertook to transport the horses from Bowie, Arizona, to Colorado City in Mitchell County, Texas, and in said contracts was a clause limiting to its own line the liability of the Southern Pacific Railway Company for damages that might accrue to said horses.

Meadors & Company filed a reply to the plea of the Southern Pacific Railway Company in which they alleged that there was no consideration for the said contracts and that they had signed them under the circumstances above stated without knowing their contents, and after the contract for shipment had been made and the horses placed upon the cars, wherefore, they claimed that the contracts were invalid and not their contracts. The plaintiffs did not rely upon the contracts for their recovery, but distinctly claimed a right to recover upon the verbal contract which was made before the horses were shipped.

The trial court overruled the plea to the jurisdiction filed by the Southern Pacific Railway Company; and, the Texas & Pacific Railway Company having agreed to an amount for which it would submit to judgment, the court entered judgment against the Texas & Pacific Railway Company. It was charged in the petition that the Southern Pacific Railway Company and the Galveston, H. & S. A. Ry. Co. were partners and agents each of the other, and that therefore the two were jointly and equally liable for the damages. Upon a trial verdict was rendered by the jury in favor of Meadors & Company against the Southern Pacific Railway Company, which judgment was affirmed by the Court of Civil Appeals of the Second District.

The Twenty-Ninth Legislature enacted a law of which the following is a part:

"Section 1. Be it Enacted by the Legislature of the State of Texas: That whenever any passenger, freight, baggage or other property has been transported by two or more railroad companies . . . doing business as such common carriers in this State, or having an agent or representative in this State, suit for damage or loss or for any other cause of action arising out of such carriage, transportation or contract in relation thereto may be brought against any one or all of such common carriers, . . . so operating or doing business

in this State, or having an agent or representative in this State, in any court, of competent jurisdiction in any county in which either of such common carriers . . . operates or does business, or has an agent or representative; provided, however, that if damages be recovered in such suits against more than one defendant, not partners in such carriage, transportation or contract, the same shall on request of either party be apportioned between the defendants, by the verdict of the jury, or if no jury is demanded, then by the judgment of the court."

It is only necessary to call attention to the language of the law to show that the Southern Pacific Railway Company, having an agent in this State, was liable to be sued in connection with the other railroads in the county of Mitchell where the Texas & Pacific Railway Company, one of the defendants, had an office and agent and through which county its railroad was operated. (Missouri, K. & T. Ry. Co. v. Blanks, 103 Texas, 191.)

The case of Texas & Pac. Ry. Co. v. Lynch, 97 Texas, 25, which is cited and relied upon by the railroad company, was decided under a different statute, and the Blanks case, *supra*, distinguishes the Lynch case, pointing out the differences in the two statutes.

The Southern Pacific Railway Company submits the following assignment: "The court erred in submitting to the jury the issue of whether or not the Southern Pacific Company and the Galveston, Harrisburg & San Antonio Railway Company were partners or agents of each other."

We are of opinion that this assignment is well taken. The fact that the Southern Pacific Company owned a greater part of the stock of the Galveston, H. & S. A. Ry. Co., and that the same person was president of both corporations does not prove that the companies were partners, nor that they were agents of each other. The two corporations were distinct entities, and Harriman as president of the Southern Pacific Company was a distinct official from the same man as president of the Galveston, H. & S. A. Ry. Co. The ownership of stock in the Galveston, H. & S. A. Ry. Co. imposed upon the Southern Pacific Company no greater liability nor different relation than it would if the same stock had been owned by an individual. The manner in which the trains were operated across the imaginary line between the railroads is suggestive of some peculiar relationship between the railroad companies, but we are not of opinion that the facts are sufficient to sustain the judgment against the Southern Pacific Company as the agent or partner of the Galveston, H. & S. A. Ry. Co. The judgment will be reversed and the cause remanded with instructions, unless there shall be other evidence to establish that relationship, to submit to the jury against the Southern Pacific Company only the issue of damages caused on its own line.

The third assignment of error in this court is based upon the refusal of the district judge to give charge No. 20, which reads: "The court erred in refusing special charge No. 20, requested by defendant, as follows: 'You are instructed that the shipping contracts in this case having been executed in the Territory of Arizona, are governed by

the law there, and that under the laws of such Territory such contracts are valid.' "

Since the plaintiffs claim nothing upon the written contracts referred to in the charge, it was unimportant and irrelevant to any question in this case, whether the contracts were governed by the laws of the Territory of Arizona or of Texas. The contracts were set up as a defense on the part of the defendant and their existence as such was denied by the plaintiffs—there was no question as to their legal effect, therefore unnecessary for the court to give the charge requested.

The fourth ground of error assigned in the application reads: "The court erred in refusing special charge No. 19, requested by defendant, which is as follows: "You are charged that the plaintiff can not recover of defendant, Southern Pacific Company, for any delays, if any, or any injuries, if any, occurring to the horses involved after they were delivered to the Union Stock Yards in El Paso and you will so find.' "

The statement of facts is not sufficiently definite for us to determine whether this charge was proper or not. If the horses were delivered to the El Paso Stock Yards at the request or instance of the plaintiffs, then the charge should have been given, for whenever the Galveston, H. & S. A. Ry. Co. delivered the horses to the plaintiffs, or to some person other than the Texas & Pacific Railway Company authorized to receive them, its liability ceased.

The sixth ground of error assigned in this court is unimportant, for the reason that the plaintiffs denied the contracts as a whole, whether signed by their authority or by themselves, and the binding force of the contracts does not depend upon the authority of the person who signed them, but upon other questions which will be hereinafter discussed.

There was no error on the part of the court in submitting to the jury the question of whether there was an oral or implied contract on the part of the Southern Pacific Railroad Company to carry the horses. The testimony shows, as given by Meadors himself, that he applied to the railroad company to ship his horses over the route indicated, that is, not upon its own line only, but upon the lines of the Galveston, Harrisburg & San Antonio Railway Company and the Texas & Pacific Railway Company. The agent replied, "Bring your horses and the cars will be ready." The horses were brought in and without anything further being said the cars were furnished by the railroad company and the horses loaded upon the cars, after which the contracts were presented for signature and were signed. The court properly submitted to the jury whether or not the contracts which were set up by the defendant were the contracts of the plaintiffs, and there was no error in the submission.

If the Southern Pacific Company received the horses for shipment, furnishing the cars for that purpose, without demanding any written contract of the parties and, after the horses were upon the cars and the train about to leave, the contracts were presented to the men in charge, or to the shipper, for signature, and if the shipper or the person who signed them did not know the contents of the contracts and had no time for reading them, and signed them under

these conditions in order to secure the passes to attend the horses, such contracts would not be the contracts of the shipper, and the limitation which restricted the liability of the railroad company to damages accruing on its own line was not binding upon the shipper. Atchison, T. & S. F. Ry. Co. v. Grant, 6 Texas Civ. App., 674; Missouri, K. & T. Ry. Co. v. Withers, 16 Texas Civ. App., 506; Missouri, K. & T. Ry. Co. v. Carter, 9 Texas Civ. App., 677.

We might add a number of decisions of the Courts of Civil Appeals on this point in many of which writs of error have been refused by this court, all holding distinctly the proposition we have stated above. The court committed no error in instructing the jury as stated in the application.

The eighth ground of error is, in substance, well taken if the facts should be of such a nature as to require it to be given. But at the time the case was tried there were but two railroad companies parties, the claim against the Texas & Pacific Company having been adjusted, and the question of damages or not lay against the Southern Pacific Company upon two grounds, first, on account of its own action, and, secondly, because it was the agent or partner of the Galveston, Harrisburg & San Antonio Railroad Company. Under this state of case it was unnecessary to give the charge requested as to the presumption as in case of a carriage by several railroad companies. Besides, there was evidence to the fact that the horses were damaged when they were delivered to the Stock Yards in El Paso.

The ninth and tenth grounds were unimportant in the trial, for the reason that the plaintiffs did not claim under the contracts, but denied their validity, which was submitted to the jury, who found them to be invalid.

There was no evidence that the plaintiffs or any of the employees were intoxicated at the time nor after the time that the horses were delivered to the Southern Pacific Company, and, in fact, there was no evidence that tends to prove that there was any injury arising from the intoxication of any person who is said to have been intoxicated at the initial point of the freight.

The undisputed evidence in this case establishes the claim of the plaintiffs that the written contracts are of no validity against them, therefore, the question concerning the Act of Congress known as the Hepburn Act, is not material to the decision of this case.

It is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and that the cause be remanded.

*Reversed and remanded.*