C. L. ELLER and L. R. ELLER, Appellants, v. L. F. NEWELL, ELLA A. NEWELL, his wife; CARRIE E. STONE, W. S. STONE, her husband, Defendants and Cross-Petitioners; FRANK W. NEWELL and LAURA NEWELL, Interveners and Cross-Petitioners, Appellees.

Actions at law: EQUITABLE DEFENSES: FORUM. Where an action at
1  law has been properly instituted it should be continued as a law action, even though the defendant interposes equitable defenses by way of answer, counterclaim or cross-petition, which he is entitled to have the court separately determine; although the rule is different where legal defenses are interposed to an equitable action.

Real property: SPECIFIC PERFORMANCE: RESCISSION. Where a ven-
2  dor of real property failed to furnish an abstract of title at the time agreed upon, and the purchaser elected to rescind the contract, the vendor was not entitled to specific performance without showing a waiver of the provision or an excuse for his failure to perform, even though time was not made the essence of the contract; as the purchaser is not required to wait indefinitely for performance by the vendor.

Same: CROSS-PETITION: ISSUES: PARTIES. The statute allowing a defendant to file a cross-petition against a co-defendant or another person relates to cases where he has a cause of action affecting the subject matter of the original action against the defendant, and not to wholly distinct and independent transactions. Thus where the vendee of real property brought an action for damages because of the vendor's failure to complete the contract by furnishing an abstract showing clear title, and the vendor sought specific performance on the theory that he would cure the defects in the title within a reasonable time, a cross-petition making those who had adverse claims parties was not permissible under the statute; as the only effect of the same would be to furnish evidence that defendant was perfecting his title, and the plaintiff is not required to assume any burden in an action of that character.

*Appeal from Wapello District Court.*—HON. C. W. VERMILLION, Judge.

MONDAY, APRIL 14, 1913.

APPEAL from an intermediate order transferring a cause to the equity side of the calendar, and from a further order overruling plaintiffs' motion to strike a cross-petition. The plaintiffs appeal from both orders.—*Reversed.*

*Chester J. Eller, Steck & Steck* and *McNett & McNett,* for appellants.

*Tisdale & Heindel* and *J. W. Lewis,* for appellees.

LADD, J.—On June 24, 1911, the plaintiffs and defendants entered into a contract whereby the former agreed to pay the latter $31,500 for two hundred and forty-six acres of land; $1,000 down, $1,000 July 10, 1911, $13,000 March 1, 1912, and at that time execute a mortgage thereon securing notes for $16,500, payable in five years, and the latter undertook "to convey by warranty deed on or before March 1, 1912, to said party of the second part [plaintiffs], or his assignees the real estate of the party of the first part [defend-

ants] situated in Wapello county [describing it], together with all and singular the appurtenances thereto belonging and to deliver such conveyance, as aforesaid, together with abstract of title showing clear title of record in the said party free from incumbrance, abstract to be ready for examination not later than Jan. 3, 1912." Possession was to be given March 1, 1912, and it was further "understood that, providing either party thereto fails to fulfill this contract, then said party so failing pays as liquidated damages the sum of $2,000." In their petition filed March 12, 1912, plaintiffs allege the execution of the contract, payment thereon of $2,000, omission by defendants to furnish abstract of title until January 18, 1912, and defects therein not curable, save by action to quiet title, their readiness to perform March 1, 1912, the tender by defendants at that time of a deed without covenant sufficient to warrant title against defects appearing in the abstract, and of an abstract of title not legally signed by the abstractor, inability to give possession, and praying judgment for the money paid, with interest, and for the liquidated damages stipulated. The minutes of examination of the abstract by plaintiffs' attorney were attached, disclosing only thirty-eight defects.

By way of answer and cross-petition the defendants admit the payments alleged, say that the abstracts were ready at the place agreed, though not reaching plaintiffs at the time stipulated, deny that plaintiffs were ready to perform, allege defendants' readiness to perform March 1, 1912, and the tender of a sufficient warranty deed; that "they at the time the transaction was to be closed, expressed a readiness and willingness to meet all reasonable objections made to said title, and to cure all defects therein as soon as the same could be done with reasonable dispatch; that they have employed attorneys for said purpose, and have instructed them to perfect said title, in so far as there are any defects therein, at the earliest, reasonably practical time, and they will have same so done; that they are ready to protect plaintiffs against any sub-

stantial defects in the title by having the notes and mortgages
to be executed left in escrow until the title is perfected, or
to give bond with good security to perfect same within a
reasonable time; that plaintiffs leased the land, and the tenant
went into possession, and by agreement the tenant is to pay
rent to no one until it is determined who is entitled to the
same.'' A counterclaim of defendant Carrie E. Stone for
wrongfully suing out a writ of attachment, and praying for
damages in the sum of $500, was included. They pray for
specific performance; that a time be fixed within which plain-
tiffs shall comply with their agreement, and if they do not
comply that forfeiture of the $2,000 be enforced. By amend-
ment they asked that a vendor's lien for the unpaid purchase
money be established against the land. On April 18, 1913,
defendants moved that the cause be transferred to the equity
side of the calendar, and if this were denied that all issues of
equitable nature be heard in equity.

On July 25, 1912, Frank Wilber Newell and Laura Newell,
his wife, filed a petition of intervention, and with L. F.
Newell and Carrie Ellen Stone a cross-petition, in one plead-
ing, with thirty or forty named defendants and unknown
claimants, in substance praying that title to the land in con-
troversy be quieted in the defendants L. F. Newell and Carrie
E. Stone. On August 6, 1912, plaintiffs moved that this plead-
ing be stricken from the files on several grounds to be referred
to hereafter. The court sustained the motion to transfer the
cause to the equity side of the calendar and overruled the
motion to strike the petition of intervention and cross-petition
praying that title be quieted. These rulings alone are chal-
lenged on this appeal.

I.   The petition stated an action at law only. The defend-
ants by answer put the allegations of the petition in issue,
by cross-petition prayed for equitable relief, and one of the
defendants pleaded a counterclaim at law.
Unless the determination of the issues raised
by the cross-petition will necessarily adjudi-
cate the issues raised by the petition and answer, there was

1. ACTIONS AT
LAW: equi-
table de-
fenses: forum.

prejudicial error in transferring the cause to the equity side of the calendar.

The several statutes bearing on the question may be set out:

Section 3433: Such error may be corrected by the plaintiff without motion at any time before the defendant has answered, or afterwards on motion in court.

Section 3434: The defendant may have the correction made by motion at or before the filing of his answer, where it appears by the provision of this Code wrong proceedings have been adopted.

Section 3435: Where the action has been properly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings; and if all the issues were such, though none were exclusively so, the defendant shall be entitled to have them all tried as in cases of equitable proceedings.

Here there was no error in the kind of procedings, for the petition stated an action at law, and for this reason there was no occasion for a motion by either party to transfer. Having been begun on the law side of the docket, it should have continued there, notwithstanding the interposition of equitable defenses, counterclaims, or cross-petitions. *Byers v. Rodabaugh,* 17 Iowa, 53; *Morris v. Merritt,* 52 Iowa, 496; *Johnston v. Robuck,* 104 Iowa, 523; *Tufts v. Norris,* 115 Iowa, 250. If equitable issues are so raised by the defendant by motion, he may have these issues heard separately by the court; but this does not involve a change to the equity docket. *Marquis v. Illsley,* 99 Iowa, 135; *Marling v. Railway,* 67 Iowa, 335. The rule is different where legal defenses or counterclaims at law are interposed in a suit cognizable in equity, for in that event all are triable to the court without the interposition of the jury. *Ryman v. Lynch,* 76 Iowa, 587; *Frost v. Clark,* 82 Iowa, 298; *Crissman v. McDuff,* 114 Iowa, 83.

The ruling, then, by which the cause was transferred to the equity side of the calendar was erroneous, and may have been prejudicial in depriving plaintiffs of the right to trial by jury, at least of the issue with respect to liquidated damages. See *Kelly v. Fejervary,* 111 Iowa, 693.

Whether the portion of the motion asking that the issues raised by the cross-petition be heard in equity would seem necessarily to have been included in the ruling of the court.

2. REAL PROP-
ERTY: spe-
cific perform-
ance: rescis-
sion.

But there was no ruling on that portion of the motion, save as so included. If it really states a cause of action for specific performance, there can be no doubt as to the propriety of an order directing that the hearing be as in equity. It is to be observed, however, that the circumstance alleged, that plaintiffs leased the land, and their tenants took possession, is not pleaded as a waiver of performance on the day stipulated, or reason for delay. See *Lillienthal v. Bierkamp,* 133 Iowa, 42. Nor is other excuse suggested. That plaintiffs' attorney may have urged objections void of merit to the abstract did not obviate defects to which there may have been valid objection.

Even though time is not of the essence of the contract, if plaintiffs offered to perform on the day fixed therefor, and this was rendered impossible by the failure of defendants then to furnish such an abstract as had been agreed, or because of not then having such title as was to be conveyed, and thereafter plaintiffs elected to rescind by bringing this suit, defendants, in their pleading, praying for specific performance, should present reasonable explanation for not then being ready to perform and a satisfactory showing that they will be ready within a reasonable time. The purchaser is not bound to wait indefinitely for compliance by the vendor with the terms of the contract, even when time is not of the essence. Though not holding that an election to rescind will cut off all subsequent proceedings in the way of undertaking to get in readiness to perform, such is the result, unless a satisfactory ex-

planation be made in the pleading of the failure to perform at the time agreed and assurance given that defects will be overcome within a reasonable time. Should the cross-petition be amended so as to be sufficient in these respects, the hearing should be had as in equity.

II.   The pleading designated as cross-petition and petition of intervention, praying that title be quieted against many new parties to the action, was filed pending the ruling on the motion to transfer to the equity side, and the motion to strike it as not germane to the controversy between the original parties was overruled. The plaintiffs had interposed specific objections to the abstract, according to which parties other than defendants appeared to have some right or interest in the land, and by this pleading defendants sought to bring such parties into the case and have decree entered quieting title thereto against them. The issues thereby tendered by new parties joining with defendants and against these new parties as defendants were entirely distinct from the issues made between the parties in the main case. Nothing adverse to the plaintiffs is prayed in this pleading. The plaintiffs could neither deny nor admit the allegations thereof. The trial of such issues might consume much time and expense, be long-continued, and this to the detriment of the plaintiffs in the prosecution of their own cause of action. Section 3574 of the Code provides that "when a defendant has a cause of action affecting the subject-matter of the action against a codefendant, or a person not a party to the action, he may, in the same action, file a cross-petition against the codefendant or other person." This pleading sets up a distinct and independent cause of action having no relation whatever to that asserted in the petition, or to that alleged in the cross-petition, save as it may furnish essential evidence to be used in the hearing on the original cross-petition. "Wholly distinct and independent transactions cannot be brought into action by cross-petition." *Culbertson v. Salinger,* 131 Iowa,

3. CROSS-PETI-
   TION: issues:
   parties.

307; *Mahaska County Bank v. Christ,* 82 Iowa, 56; *Novak v. Novak,* (Iowa) 111 N. W. 10.

We do not think this statute is broad enough to authorize the defendant, through a cross-petition, to perfect evidence upon which his defense is based, but has reference to a cause of action having some direct bearing on the issues being tried. To permit action to quiet title to be prosecuted in this way would be unfair in casting an unjust burden on the other parties to the suit. It is well settled that an intervener cannot change the form of the proceedings or introduce any issues which would cause delay in the disposition of the main case. *Kassing v. Ordway,* 100 Iowa, 611; *Dupont v. Amos,* 97 Iowa, 484.

The cross-petition is the equivalent to an original petition by defendants, as plaintiffs, against the other defendants thereto as defendants. If these defendants had brought an independent action for specific performance of the contract against the plaintiffs herein and the defendants to this cross-petition as codefendants, it is clear that there would have been a misjoinder of causes of action and of parties, and a motion to strike that part of the petition asking that title be quieted would have been sustained. Such being the case, the defendants herein should not be permitted to join with their action for specific performance against plaintiffs an action to quiet title against third persons; and for a much stronger reason an intervener, with no right to go into the case, ought not to be permitted to join the original defendants in a cross-petition to quiet title to the property in controversy.

The cross-petition, under the statute quoted, is substantially equivalent in its nature and object to the old cross-bill in equity, in so far as used to obtain affirmative relief. The rule there prevailed that the matters alleged in the cross-bill must be germane to those involved in the original complaint, and the new facts which might be introduced in the pending litigation by the cross-bill were such only as are necessary for the court to have before it in deciding the issues raised in the

original suit to enable it to do full and complete justice to all the parties before it in respect to the cause of action being prosecuted. The cross-bill could not go beyond this and introduce new matter not essential to the determination of that put in litigation by the petition, even though the cross-bill might show a good case against the plaintiff or one or more of its co-defendants. See 5 Encyclopedia Pleading & Practice, 640-674.

The relief sought, where cross-petitions are authorized by statute, or in the old equity practice, by cross-petition, must affect or be affected by the subject-matter of the action, or relate to or depend upon the contract or transaction upon which the action was instituted affecting the property to which it relates. *Buscher v. Volz*, 25 Ind. App. 400, (58 N. E. 269); *American Exchange Bank v. Davidson*, 69 Minn. 319, (72 N. W. 129); *Hays v. McLain*, 66 Ark. 400, (50 S. W. 1006); *East Riverside Irr. Dist. v. Holcomb*, 126 Cal. 315, (58 Pac. 817); *Lewis v. Fox*, 122 Cal. 244, (54 Pac. 823).

Not a single fact pleaded in the cross-petition praying that the title be quieted could aid the court in any possible manner in adjudicating the issues raised in the original pleading. The only possible ground for permitting an independent suit of this kind to be injected therein would be to show that defendants were proceeding promptly in clearing up the defects in the title, in order to make an abstract such as has been promised. Even though the relief sought were obtained, this would amount to no more than evidence bearing on the issues raised in the original pleadings, and would not be conclusive in the action. To be available, the decree must be entered of record and transmitted to the abstract within a reasonable time, and this is what the defendants in filing their cross-petitions are seeking to attain, in order to sustain their original cross-petition praying for specific performance.

The statute which we have quoted was not intended for the purpose of manufacturing evidence essential to maintain

an action in which the cross-petition might be filed, but, as seen, to enable the defendants to bring before the court such existing facts as are essential to the just and complete adjudication of the issues before the court. It ought not to be perverted by permitting the injection of a distinct and independent action having no connection with the issues raised by the original pleadings. Such a construction of the statute would tend to confusion and be of no aid in the administration of justice. Nothing can be gained by prosecuting such a cause of action by way of cross-petition instead of as a separate suit. The court erred in not striking the cross-petition, praying that title be quieted, from the files, and the orders overruling this motion, as well as in sustaining the motion to transfer to the equity side of the calendar, are *Reversed.*