MISSOURI, K. & T. RY. CO. et al. v. PACHECO. (No. 5668.)

(Court of Civil Appeals of Texas. San Antonio. May 3, 1916.)

1. APPEAL AND ERROR ☜970(1)—REVIEW— DISCRETION OF LOWER COURT—WITNESSES UNDER THE RULE.

The discretion of the trial judge in permitting a witness to testify who has violated the rule of exclusion by hearing the testimony of other witnesses, will not be reversed, unless there is a clear abuse of discretion shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3849; Dec. Dig. ☜970(1).]

2. TRIAL ☜41(5)—EXCLUSION OF WITNESSES —DISCRETION OF COURT.

Permitting counsel to consult with a witness under the rule and tell him what another witness had testified, and to ask him if that evidence was true, and then allowing the witness to testify, is not an abuse of discretion where it does not appear to have influenced the testimony of the witness, and the case was tried by the judge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 105; Dec. Dig. ☜41(5).]

3. CARRIERS ☜218(5)—LIVE STOCK SHIPMENT —LIMITATION OF LIABILITY—"DURESS."

Where the only railroad at place of shipment refused to ship cattle unless it was written across bill of lading that some were in bad condition, and, although the statement was un- true, the shipper, under such pressure, signed such bill of lading, the carrier's act constituted legal duress, and the shipper was not barred from recovering damages for their negligent transportation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674, 696; Dec. Dig. ☜218(5).]

For other definitions, see Words and Phrases, First and Second Series, Duress.]

Appeal from Cameron County Court; H. L. Yates, Judge.

Action by Andres Pacheco against the Missouri, Kansas & Texas Railway Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Graham, Jones & George, of Brownsville, for appellants. Canales & Dancy, of Brownsville, for appellee.

FLY, C. J. This is a suit for damages to cattle, instituted by appellee against the Missouri, Kansas & Texas Railway Company, the St. Louis, Brownsville & Mexico Railway Company, and the San Antonio, Uvalde & Gulf Railroad Company, in which it was alleged that appellee had, on or about December 31, 1914, delivered to the St. Louis, Brownsville & Mexico Railroad Company, at Brownsville, Tex., 204 head of cattle to be transported from Brownsville, Tex., to Ft. Worth, Tex., over the lines of the initial carrier, the San Antonio, Uvalde & Gulf Railway Company and the Missouri, Kansas & Texas Railway Company; that the cattle were not transported with reasonable care, diligence and speed, and 2 of them were killed in the pens at Brownsville, 10 crippled in the cars, and the balance delivered in bad condition at Ft. Worth. The cause was submitted to the court without a jury, and judgment was rendered in favor of appellee, as against Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, A. R. Ponder, and Duval West, receivers of the San Antonio, Uvalde & Gulf Railroad Company, jointly for $266.50, and against the first-named company for $52, and that appellee take nothing as to the Missouri, Kansas & Texas Railway Company.

[1] The first and second assignments of error raise the point that counsel for appellee was permitted to consult with a witness under the rule and tell him what another witness had testified, and ask him if that evidence was true, and then the witness was allowed to testify. It is well settled that it is within the sound discretion of the trial court to permit a witness, who has violated the rule of exclusion, from hearing the testimony of other witnesses either directly or through another, to testify, and the action of such trial judge will not be reversed, unless there is a clear abuse of such discretion. That rule prevails not only in civil, but criminal, cases. Crawleigh v. Railway, 28 Tex. Civ. App. 260, 67 S. W. 140; Railway v. Hugen, 45 Tex. Civ. App. 326, 100 S. W.

1000; Powell v. State, 13 Tex. App. 244; Creswell v. State, 14 Tex. App. 1; Pierson v. State, 18 Tex. App. 524; Sherwood v. State, 42 Tex. 498. The rule is of greater force when tried by the judge as in this case.

[2] There was no abuse of discretion in admitting the evidence complained of in this instance, nor does it seem to have been of any damage to appellants. The probabilities are that the witness would have sworn exactly as he did had no communication been held with him. No attempt seems to have been made by the attorney, who communicated with the witness, to influence his testimony or to lead him to make a certain answer. The two assignments of error are overruled.

[3] There is evidence to sustain a finding that the initial carrier refused to ship the cattle unless it was written across the bill of lading that the cattle were in bad condition, and that appellee was compelled to permit such writing on the bill of lading in order to have them shipped. The alternative was presented of shipping the cattle with the bill of lading indorsed as desired by the carrier, or having them on his hands in the city of Brownsville. The act of the carrier constituted legal duress. Any agreement made under improper pressure is voidable. Hutchinson, Carriers, § 805; Page, Contracts, § 255; Railway v. Grant, 6 Tex. Civ. App. 674, 26 S. W. 286; Railway v. Meadors, 104 Tex. 469, 140 S. W. 427; Railway v. Vasbinder, 172 S. W. 763; Galusha v. Sherman, 105 Wis. 263, 81 N. W. 495, 47 L. R. A. 417.

In the case last cited the Supreme Court of Wisconsin elaborately discussed the question of duress and arrived at the following conclusion:

"The making of a contract requires the free exercise of the will power of the contracting parties, and the free meeting and blending of their minds. In the absence of that, the essential of a contract is wanting; and if such absence be produced by the wrongful conduct of one party to the transaction, or conduct for which he is responsible, whereby the other party for the time being, through fear, is bereft of his free will power, for the purpose of obtaining the contract and it is thereby obtained, such contract may be avoided on the ground of duress. There is no legal standard of resistance which a party must exercise at his peril to protect himself. The question in each is: Was the alleged injured person, by being put in fear by the other party to the transaction for the purpose of obtaining an advantage over him, deprived of the free exercise of his will power, and was such advantage thereby obtained? If the proposition be determined in the affirmative, no matter what the nature of the threatened injury to such person, or his property, or the person or liberty of his wife or child, the advantage thereby obtained cannot be retained."

The facts in this case show that the cattle in question were brought from Mexico to Brownsville, Tex., on December 31, 1914, and presented at once for shipment to the initial carrier, that the cattle were not received, and appellee was compelled to keep them overnight in the muddy pen of appellant,

which was injurious to them, that when the cattle were tendered on the following day to the carrier for shipment to Ft. Worth the agent refused to ship them unless it was written in the contract that 50 of the cattle were in bad condition, although they were in good condition. Only 3 head of the cattle were in bad condition, and that was caused by the muddy state of the pens, and they were left in the pens. Two of them were in such condition that they had to be killed. Appellee could not speak English and negotiated with the railroad company through an interpreter. Appellee was compelled to agree that 50 of the cattle were in bad condition, in order to have them shipped. Neither appellee nor Trevino, his agent, who signed the contract, could speak or read English, but the contract was in English. There was only one railroad leading out of Brownsville. It was clearly shown that the statement placed by the agent of the railway company in the contract of shipment was untrue.

The authorities cited in support of the third assignment of error have no applicability to the facts of this case. Appellee expected to sign a written contract, but he did not expect to sign one making false representations as to the condition of his cattle. He only signed the contract with the false representations because he could get his cattle shipped in no other way. It is no defense for the carrier to say that he should have carried his cattle to a pasture and fattened them before he shipped them. He had the right to ship his cattle and the carrier had no right to place false representations in the contract, to endeavor to anticipate the effects of its possible negligence in handling the cattle.

As said in the case of Joannin v. Ogilvie, 49 Minn. 564, 52 N. W. 217, 16 L. R. A. 376, 32 Am. St. Rep. 581, by the Supreme Court of Minnesota, in discussing the question of duress:

"And the modern authorities generally hold that such pressure or constraint as compels a man to go against his will, and virtually takes away his free agency, and destroys the power of refusing to comply with the unlawful demand of another, will constitute duress, irrespective of the manifestation or apprehension of physical force. * * * The real and ultimate fact to be determined in every case is whether or not the party really had a choice—whether 'he had his freedom of exercising his will.'"

To the same effect is the case of Howe v. Spalding, 50 Minn. 157, 52 N. W. 527, by the same court.

The carrier could not, lawfully, arbitrarily demand of appellee that he state that his cattle were in bad condition for shipment, and when by a refusal to ship the cattle he was compelled to sign a contract to the effect that they were unfit for shipment, it is no defense to contend that he might have done something else with his cattle. He might have hired a pasture and kept them in it; he might have carried them back to Mexico;

he might have killed or sold them; but he was not called upon to do either of these things. He had the right to ship them to Ft. Worth, and in order to ship them he could sign a contract demanded of him, without losing the right to recover damages for the negligent transportation of his cattle. The fourth assignment of error is overruled.

The judgment is affirmed.

---

⚹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes