ALBERT KEWITSCH v. HENRY A. BEER AND ANOTHER.[1]

July 9, 1926.

No. 25,178.

**When holder of contract for purchase of one partner's interest is proper party in action for dissolution of partnership.**

1. In an action between two partners for the dissolution of the firm business and an accounting, a third party, who held an executory contract of sale of the interest in the firm business and property of one of the parties, was impleaded as a defendant. He cross-complained against his vendor for a rescission, on the ground of fraud inducing that contract, and the recovery of the money he had paid. *Held* that he was a proper party and that there was no error in litigating his claim of fraud and awarding him relief accordingly.

**Statutory costs denied prevailing party.**

2. Statutory costs denied prevailing party because of the unnecessary copying in the brief of pleadings, an exhibit and the decision under review.

Costs, 15 C. J. p. 271 n. 50.
Partnership, 30 Cyc. p. 605 n. 16; p. 723 n. 80; p. 748 n. 68 New.
[1]Reported in 209 N. W. 871.

Action in the district court for Waseca county for dissolution of a partnership and for an accounting. The case was tried before Senn, J., who ordered judgment in favor of defendant Scheffert. Defendant Beer appealed from an order denying his motion for a new trial as to the cause of action set out against him in the cross-complaint of defendant Scheffert. Affirmed.

*Charles C. Kolars,* for appellant.

*Joseph N. Moonan,* for respondent.

STONE, J.

Action by Kewitsch against Beer for the dissolution of a partnership and an accounting. Defendant Scheffert was impleaded because under an executory contract he had purchased Beer's interest in the firm. The findings and order for judgment were against Beer, both upon the issues between him and plaintiff and those between him and his impleaded codefendant, Scheffert. The latter phase of the case is the only one brought here for review by this appeal of defendant Beer from the order denying his motion for amended findings or a new trial.

The decision went for Scheffert on his cross-complaint against Beer charging that his attempted purchase of Beer's interest in the firm was induced by the latter's false and fraudulent representations that Kewitsch was willing to accept Scheffert as a partner in place of Beer and that the latter's interest in the firm property and business was then worth upwards of $3,400. The evidence is debatable enough but the findings are for Scheffert and there is so much supporting evidence that we should not reverse. Further discussion of the evidence would serve no useful purpose.

1. One point of law for appellant is that it was improper upon the cross-complaint of Scheffert to adjudge in this action that he was entitled to a rescission of his contract of purchase and to recover what he had paid thereunder. The point was first made by demurrer to the cross-complaint and has been preserved by proper assignment of error but we must hold against it. When the action was commenced the contract between Beer and Scheffert was in

force. It affected in a very direct and substantial manner the subject matter of the action. As long as it remained in force it gave Scheffert a very substantial interest therein for at least it would have entitled him to Beer's portion of the physical property after paying the debts of the firm and satisfying the claim of plaintiff, whose contributions to the firm's enterprise were found to be somewhat greater than those of Beer. 30 Cyc. 605.

The question is not whether Scheffert was a necessary party but whether he was a proper party. The foregoing is sufficient to show he was. Having been made a party, it was certainly desirable, if not necessary, to dispose finally of the issue between himself and Beer with respect to the business and property in question. That is all that has been done. The propriety of that procedure is too clear for question. In such a case as this, "Judgment may be given for or against one or more of several plaintiffs, or of several defendants, and, when justice so requires, it shall determine the ultimate rights of the parties on each side as between thmselves." Section 9393, G. S. 1923. The cause of action asserted by Scheffert against his codefendant, Beer, is clearly one "arising out of, or having reference to, the subject of the original action" within the rule of Am. Exch. Bank v. Davidson, 69 Minn. 319, 72 N. W. 129.

2. Statutory costs will be denied respondent Scheffert because of the unnecessary length of the brief on his behalf, contributed to largely by the unnecessary copying therein of the original contract between Beer and Scheffert, lengthy portions of the other pleadings and all the counterclaim and cross-complaint of Scheffert, the latter alone covering practically five pages. Not satisfied with all that copying, where their own condensed statement would have been sufficient, counsel for respondent have also reproduced in their brief in toto the amended findings of fact and conclusions of law which cover substantially 14 pages. We have no desire to limit counsel in legitimate argument, either written or. oral, but we cannot overlook such an excess of unnecessary printing.

Order affirmed.