COUNTY OF WASECA *vs.* MARY SHEEHAN and others.

November 19, 1889.

County Treasurer—Action on Bond—Leave of Court.—An action may be prosecuted by a county against its treasurer and the sureties on his official bond, without first obtaining leave from the court.

Same—Acts of County Board not a Defence.—Neither the negligence of the county commissioners, in respect to their supervisory duties over the treasurer, nor their actual malfeasance, facilitating or encouraging a conversion of the public funds by the treasurer, is a defence in such an action.

Appeal by defendants from an order of the district court for Waseca county, *Buckham,* J., presiding, sustaining a demurrer to their answer.

*Geo. W. Batchelder* and *B. S. Lewis,* for appellants.

*W. D. Abbott,* for respondent.

DICKINSON, J.[1]  This action is prosecuted against the county treasurer of Waseca county and the sureties upon his official bond, to recover for an alleged conversion by him of money received by him as such treasurer.  The defendants having answered the complaint, the plaintiff demurred to certain parts of the answer.  This is an appeal from an order sustaining the plaintiff's demurrer.  On the part of the defendants it is claimed that the plaintiff had no legal capacity to maintain this action on the treasurer's bond, for the reason that no leave therefor had been obtained from the district court.  The defendants rely upon the provision in Gen. St. 1878, c. 78, § 3, that such leave must be obtained before an action can be brought upon an official bond by a plaintiff other than the state or body politic named therein.  That section is not applicable as a restriction upon the right of the county to sue upon the treasurer's bond, for, by Gen. St. 1878, c. 8, § 158, it is made the duty of the county auditor, upon default of a treasurer as therein specified, upon receiving instructions from the county commissioners,

---

[1] Collins, J., did not sit in this case.

to cause an action to be commenced against the treasurer and his sureties. That section does not contemplate an application to the court for leave to commence the action.

The further defence to which the demurrer was interposed was, in brief, that the plaintiff knowingly and negligently allowed and permitted the funds to be diverted and misappropriated, and to be used for private, and not for county, purposes. Even if the effect be given to the answer which the defendants claim for it,—that is, that the board of county commissioners were privy to and participated in the conversion of the public funds by the treasurer,—that would not constitute a defence. The official bond of the county treasurer is intended to secure the public from loss by reason of the official delinquency of that officer. For that purpose a bond is required. For that purpose it is to be deemed to have been given. The obligation of the sureties of the treasurer is such as is declared in the condition of the bond. It is not contingent upon the integrity of other public officers, nor upon the faithful performance by them of their official duties. The sureties upon such a bond enjoy whatever protection there may be in the law imposing supervisory duties upon other public officers; but there is no undertaking or guaranty on the part of the county or of the state in favor of such sureties, either express or implied, that the requirements of the law shall be complied with,—that public officers shall perform their prescribed duties; nor that they shall not be guilty of criminal misfeasance. There is no such condition affecting the contract expressed in the bond. *Hart* v. *United States*, 95 U. S. 316; *Board of Supervisors* v. *Otis*, 62 N. Y. 88. The distinction suggested by the appellants cannot be maintained,—that, although the mere negligence of the board of county commissioners in the discharge of their supervisory duties may not affect the liability of these sureties, yet actual criminal malfeasance on their part, facilitating or encouraging embezzlement or conversion by the treasurer, has that effect. The county is not responsible to these sureties either for neglect or misfeasance on the part of its public officers. While this action is prosecuted in the name of the board of county commissioners, as all actions in behalf of a county must be, the action is not for the benefit of those officers, and the right of the county

to enforce the contract of indemnity made for its benefit is not affected by the alleged neglect or wrongful conduct of those officers.

Order affirmed.