W. B. SILVERS, Appellee, v. W. B. FLOYD, Appellant.

Admission of evidence: NONPREJUDICIAL ERROR. The erroneous admission in evidence of books of account where the matter so far as material is covered by other competent evidence is not prejudicial error.

Landlord and tenant: INSTRUCTION. In an action for rent an instruction that plaintiff could not recover without showing that he rented the premises to defendant, sufficiently covered defendant's claim that he was a subtenant of the plaintiff, in the absence of a request for a more specific instruction on the subject.

Same: ILLEGAL USE OF PREMISES: INSTRUCTION. To defeat an action for rent on the ground that the premises were used for an illegal purpose it must appear that the landlord participated to some degree in the wrongful purpose and intent that the property should be so used, mere indifference on his part as to the intended use is not sufficient.

Same: EVIDENCE. The evidence in this action for rent is held sufficient to justify a finding that defendant was plaintiff's tenant rather than his subtenant, and that plaintiff did not lease the premises for an illegal purpose.

*Appeal from Wapello District Court.—*HON. M. A. ROBERTS, Judge.

TUESDAY, JUNE 6, 1911.

ACTION at law to recover rent. Defendant denied that he was plaintiff's tenant, pleaded that all rent due for the use of the property had been paid, and further pleaded that the premises were leased for an unlawful purpose, to wit, for a gambling room. A writ of attachment having issued, defendant also filed a counterclaim for the wrongful suing out thereof. On these issues the case was tried, resulting in a verdict and judgment for the plaintiff in the sum claimed by him, and defendant appeals. *Affirmed.*

*Tisdale & Heindel,* for appellant.

*Jaques & Jaques,* for appellee.

DEEMER, J.—Plaintiff claims that by oral contract he leased the defendant the upper floor of a two-story building in the city of Ottumwa from month to month at the agreed rental of $55 per month; that defendant is indebted to him for two months' rent, amounting to $110, and he asked judgment for that amount. Making proper allegations therefor, a writ of attachment was sued out, which was served by garnishing one of defendant's debtors. Defendant denied that he leased the property of plaintiff, pleaded that he was a subtenant of one Schonweber, who leased the same by the month from plaintiff. He further pleaded that all rent due from Schonweber was paid, and that plaintiff had resumed the possession of the premises, and was occupying the same during the months for which he now claims a rental from defendant. He also pleaded that the upper story of the building was rented for an unlawful purpose, to wit, the conduct of a gambling establishment, and that the contract of lease was for that rea- son illegal and void. Defendant also pleaded a counter-

claim on the attachment bond in which he asked judgment for the sum of $50. The verdict and judgment were for plaintiff, and by the appeal defendant challenges many rulings made by the court during the progress of the trial, and also insists that the verdict is without support in the testimony.

I. In order to establish his case, plaintiff was permitted to introduce what he called his original books of account. There were certain leaves from a book showing an account against the "A. F. Schonweber saloon," which was testified to as being correct. This account showed charges against the saloon down to August 1, 1908. The book and these leaves were objected to as irrelevant, immaterial, and incompetent. The objection was overruled, and the books were received in evidence. It is now contended that the books were not properly identified, and that it affirmatively appears that they were not plaintiff's books of original entry. This latter fact was not brought out until after the books had been admitted in testimony, and no motion was made to take them from the jury. At any rate, no prejudice resulted from the introduction of the books. The same matter, insofar as material, was covered by other competent testimony, and there was nothing in these books not admitted by defendant which in any way prejudiced his case.

*1. ADMISSION OF EVIDENCE: nonprejudicial error.*

II. Complaint is made because the trial court did not specifically refer in its charge to defendant's claim that he was a subtenant of Schonweber, and did not lease the building or any part of it from plaintiff. Defendant made no request for such an instruction, and the trial court, while not expressly referring to defendant's claim, told the jury that plaintiff could not recover unless he showed that he had rented the building or a part thereof to the defendant. This in the absence of request was as specific as the case

*2. LANDLORD AND TENANT: instruction.*

made demanded. Moreover the jury was told that unless defendant occupied the premises during the months for which the rental was claimed, there could be no recovery, and that in no event could there be a recovery, unless plaintiff established the fact that he leased the property to defendant.

III. To meet the issue of payment and of the illegal use of the premises, the trial court gave the following instruction:

If plaintiff has thus proved said facts, then you should allow him the full amount claimed in his petition, unless the defendant has shown by a preponderance of the evidence one or the other of his defenses, namely, either that said lease was terminated by mutual agreement and all rent due paid, or that plaintiff participated in some degree, however slight, in the wrongful purpose and intent that said premises should be used as a gambling room. But if defendant has thus proved either of said defenses, then plaintiff can not, under the law, recover anything, for the law will not assist a landlord in collecting his rent for premises used for such purposes, when it is made to appear that the landlord participated in some degree, however slight, in the wrongful purpose and intent that the property should be so used. Mere indifference on his part as to the intended use of the property is not sufficient. But, if the lessor in any way aids the lessee in his unlawful design, such participation will render the contract void. His relations to the unlawful purpose must be in some degree active, rather than merely passive or indifferent. If he does any act in aid of the unlawful purpose, however slight, it is sufficient participation on his part to defeat recovery. But, until there is some degree of connivance shown, a contract will not be avoided.

3. SAME: illegal use of premises: instruction.

This instruction is challenged, particularly that part relating to the alleged illegal use of the property. The language used by the court in this connection was copied from the opinion of this court in *Harbison v. Shirley,* 139

Iowa, 605, and we are not prepared to recede from a proposition so recently announced. The instruction, even if erroneous, was without prejudice under the facts disclosed, for the reason that plaintiff testified that he did not rent the room for a gambling establishment, and never knew that either Schonweber or the defendant intended to use it for that purpose. Defendant testified, however, that the upper story of the building was rented for that express purpose, and that plaintiff sold him some gambling paraphernalia in connection with the lease for the building.

IV. Defendant contends that the verdict is unsupported by the testimony, and is the result of passion and prejudice. This is bottomed on the proposition that the

4. SAME: evidence.

great weight of the testimony coupled with the admissions of the plaintiff shows that defendant did not rent the building from plaintiff, but that he subleased the same from Schonweber, to whom plaintiff leased the entire building. If we were the triers of the fact issues, we should be inclined to hold with defendant upon this proposition, but, having no such duty, we look to the record to see if there is any substantial testimony to support the verdict. An inspection of this record shows enough evidence to take the case to the jury on the proposition.

Plaintiff testified directly to the fact that he rented one-half the building to the defendant or the entire building to Schonweber and Floyd, who were partners, for the sum of $110 per month, each agreeing to pay one-half the rent; that Schonweber parted with his interest in the lease, another taking his place; and that thereafter defendant specifically agreed to pay one-half the rent. This was enough to justify the verdict. The same observation may be made with reference to defendant's claim that the testimony conclusively shows that the building was leased for an illegal purpose.

There is a sharp conflict in the testimony, and if we were to try the case *de novo,* we should be impelled to find for defendant. But this was a fact question for the jury, and with its conclusion we should not interfere.

No prejudicial error appears, and the judgment must be, and it is, *affirmed.*.