Ruby J. Booth, administratrix of estate of Roy Eldon Adams, appellee, v. General Mills, Inc., et al., appellants.

No. 47931.

(Reported in 49 N.W.2d 561)

OCTOBER 16, 1951.

REHEARING DENIED JANUARY 11, 1952.

Hallagan & Lucier, of Des Moines, for appellant General Mills, Inc.

Charles D. Van Werden, of Winterset, for appellant Vincent Shocklee.

Killmar & Reynoldson, of Osceola, and Daniel J. Gallery, of Winterset, for appellee.

HAYS, J.—Action for damages, under the guest statute (section 321.494, Code of 1950), on account of the death of plaintiff's decedent. Plaintiff's petition alleges, in two counts, recklessness and intoxication on the part of defendant Shocklee, driver of the car. By special interrogatories the jury found for plaintiff on both counts, and allowed damages. Defendants have appealed. Hereinafter all reference to plaintiff applies to the deceased, Roy Adams.

We are concerned primarily with but two propositions, i.e., the question of the assumption of risk, and the amount of the damages awarded.

The case is a companion one to Agans v. General Mills, Inc., 242 Iowa 978, 48 N.W.2d 242, as it involves the same accident. Defendant Shocklee, a salesman for defendant General Mills, was operating a car owned by it. Under the record before us we assume that plaintiff was a guest and that at the time of the collision, in which the plaintiff was killed, Shocklee was operating the car in a reckless manner and was in an intoxicated condition.

I. Appellants contend that the record shows, as a matter of law, that the plaintiff assumed all risks incidental to both the recklessness and the intoxicated condition of defendant Shocklee, and that the trial court erred in not so holding.

Assumption of risk is an affirmative defense which the pleader has the burden of proving. Evans v. Holsinger, 242 Iowa 990, 48 N.W.2d 250; White v. Zell, 224 Iowa 359, 276 N.W. 76. Where it appears that the guest aided, encouraged, cooperated or acquiesced in the driver's conduct, he cannot recover if death or injury resulted therefrom. The rule is applicable where one is placed in a position where he has a choice of doing or not doing a given act. White v. McVicker, 216 Iowa 90, 246 N.W. 385; Thornbury v. Maley, 242 Iowa 70, 45 N.W.2d 576.

It is appellants' claim that at the time plaintiff entered defendant's car, just shortly before the fatal accident, he knew or should have known that Shocklee was intoxicated. Where the facts clearly show such a situation there can be no recovery. Garrity v. Mangan, 232 Iowa 1188, 6 N.W.2d 292; Evans v. Holsinger, 242 Iowa 990, 48 N.W.2d 250, supra. We have also held that, where the evidence shows that the driver

was not obviously intoxicated and did not so appear to the guest the question of assumption of risk is for the jury. Augusta v. Jensen, 241 Iowa 697, 42 N.W.2d 383. While this record shows quite clearly that Shocklee had been drinking beer prior to the time plaintiff entered the car, and it also shows that immediately after the accident Shocklee was intoxicated, there is a conflict in the evidence as to whether plaintiff saw Shocklee prior thereto; while all of the testimony is to the effect that at that time there was no visible indication that Shocklee was intoxicated. We think the case comes under the rule announced in Agans v. General Mills, Inc., 242 Iowa 978, 48 N.W.2d 242, and Augusta v. Jensen, supra, and there was no error in submitting the question to the jury.

II. Appellants also assert that plaintiff assumed all risk incidental to the reckless driving. As before stated, we assume as established the fact of reckless driving on the part of Shocklee. Does the record show that plaintiff aided, abetted, co-operated or acquiesced in the same? Assuming the defense of assumption of risk, as to recklessness, to be properly in the case, we are satisfied that it was a question for the jury to decide. The record shows that Shocklee and plaintiff were in the front seat of the car. Mr. Agans and Mr. Henrichs were in the rear seat. It appears, without dispute, that it was not until they had driven a distance of some eight to ten miles that Shocklee commenced driving at a speed of seventy to eighty miles per hour and zigzagging across the highway. While denied by Shocklee, there is evidence that Agans remonstrated with Shocklee about the speed and manner of his driving, which Shocklee ignored. So far as the plaintiff is concerned the record shows that he merely sat slumped down in the seat. If this showing is sufficient to raise the question of assumption of risk, the question as to whether the plaintiff had a choice of doing or not doing a given act, and the propriety of the course which he did adopt, is clearly for the jury.

III. Appellants also assert that the verdict is the result of passion and prejudice and a new trial should have been granted. In the alternative, they assert that the award is excessive and should have been reduced. The jury awarded $19,000. We will consider both propositions together.

The court instructed the jury that appellee could recover, if at all, only such damages that plaintiff's estate has sustained, the same being the present worth or value of that which the plaintiff would reasonably be expected to save and accumulate if he had lived out the natural term of his life; and that it might consider his age, health, education, life expectancy, reasonable probability of his ability to earn in the future, and the nature of his work.

Plaintiff was 21 years and 8 months of age at the time of his death. His life expectancy was 44.77 years. He had two years in high school. In 1943 he enlisted in the Navy, served two years and received an honorable separation from the service. Before going into the service he had worked at farming, harvesting bluegrass seed, and construction work, earning about 75c per hour for the time he worked, which was intermittently. After his return from service he worked for the railroad, for a construction company and for a creamery, his earnings being about $1.00 per hour. At the time of his death he was receiving unemployment compensation under what is known as the 52-20 plan. He was single, lived at home with his mother and contributed some to her support. He left no estate of any kind. It appears that he was considered to be industrious and a good worker.

The duty of determining the amount of damages to be allowed is peculiarly one for the jury, and only in cases where it clearly appears that passion and prejudice prompted the verdict or where it is apparent that the jury has disregarded the evidence or misunderstood the law, as given to them in the instructions, will this court interfere with the verdict. DeToskey v. Ruan Transport Corp., 241 Iowa 45, 40 N.W.2d 4, 17 A. L. R. 2d 826.

We have held in upholding substantial awards that the relative purchasing power of the dollar may be considered. We have also said in reducing awards that where the earnings have not increased in proportion to the decrease in the purchasing power of the dollar this tends to reduce the ultimate estate to be left. Dunham v. Des Moines Ry. Co., 240 Iowa 421, 35 N.W.2d 578; Canfield v. Chicago, R. I. & P. Ry. Co., 142 Iowa 658, 121 N.W. 186. While we find nothing in the record to in-

dicate the verdict is the result of passion or prejudice, except perhaps the size thereof, we are satisfied that the jury misunderstood the law, as to the measure of damages. The award, under the rule recognized in this state and as given in the instructions, is the present worth of what plaintiff's estate would have been had he lived out his natural life. The sum allowed appears to be approximately the equivalent of an allowance for his full earnings for his entire expectancy, and makes no allowance for the present worth thereof. In our judgment the award is not sustained by sufficient evidence and should be reduced to $12,500.

If, therefore, appellee shall within thirty days from the date of the filing of this opinion remit all in excess of $12,500 and costs, the judgment will be affirmed; otherwise reversed.—Affirmed on condition.

All JUSTICES concur.